IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  COLOPLAST CORP.
        PELVIC SUPPORT SYSTEM
        PRODUCTS LIABILITY LITIGATION                        MDL No. 2387

THIS DOCUMENT RELATES TO:

*Jane Jones v. Coloplast Corp., et al.*            Civil Action No. 2:14-cv-11148

MEMORANDUM OPINION & ORDER

Pending before the court is Coloplast Corp.'s ("Coloplast") Motion to Dismiss [ECF No. 29]. The plaintiff has responded to the motion [ECF No. 32], and Coloplast has replied [ECF No. 35], making it ripe for decision. Also pending before the court is the plaintiff's Motion for Leave to File Surreply [ECF No. 36]. For the reasons stated below, Coloplast's Motion [ECF No. 29] is **DENIED** and the plaintiff's Motion [ECF No. 36] is **GRANTED**.

I.   Background

The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 42,000 cases currently pending, approximately 140 of which are in the Coloplast MDL, MDL 2387.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that

once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court placed this and other cases in Coloplast Wave 4. Pretrial Order ("PTO") # 124, at 9 [ECF No. 22].

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 124, for example, provides that each plaintiff in Wave 4 must submit a Plaintiff Fact Sheet ("PFS"). *See id.* at 1. Coloplast concedes that the plaintiff "served her PFS in accordance with the prescribed deadline." Def.'s Mot. 3. However, Coloplast contends that "the PFS was deficient in its responses" and that the plaintiff failed to cure those deficiencies. *Id.* On this basis, Coloplast now seeks an order dismissing this case with prejudice.

## II. Discussion

PTOs # 12 and 105 set forth specific requirements for completing and serving the PFS. *See generally* PTO # 12 [ECF No. 40] and PTO # 105 [ECF No. 572], *In re Coloplast Corp., Pelvic Support Sys. Prods. Liab. Litig.*, No. 2:12-md-02387. PTO # 12 establishes how defendants must proceed when they receive an incomplete PFS within the court-ordered deadline:

> If defendants receive a PFS in the allotted time but the PFS is not substantially complete, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PFS, as applicable by e-mail and U.S. mail to the Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. The

> plaintiff shall have twenty (20) days from receipt of that letter to serve a PFS that is substantially complete in all respects. This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

PTO # 12, at ¶ 2c.

In this case, the plaintiff served her PFS on Coloplast within the May 20 deadline. On May 30, 2017, Coloplast notified plaintiff's counsel via e-mail of the purported deficiencies regarding the PFS. Def.'s Mot. Ex. B [ECF No. 29-2].

In response to Coloplast's Motion to Dismiss, the plaintiff states that on June 5, 2017, she served on Coloplast an amended PFS addressing the identified deficiencies. Pl.'s Resp. 1. In its reply, Coloplast states that it "has never seen this alleged Amended PFS" despite conducting "a diligent search." Def.'s Reply 1. In the plaintiff's surreply, she states that she "emailed an Amended PFS on June 5, 2017 to Defendant at the same email addresses where Defendant acknowledged receiving the original PFS." Pl.'s Surreply 2 [ECF No. 36-1]. Attached to the plaintiff's surreply are two emails, both sent from plaintiff's counsel to Coloplast's counsel using the same respective email addresses. The first email, dated May 19, 2017, includes the plaintiff's PFS as a downloadable attachment. Pl.'s Surreply, Ex. A-1 [ECF No. 36-2]. The second email, dated June 5, 2017, states, "In response to your deficiency letter," and includes the plaintiff's amended PFS as a downloadable attachment. Pl.'s Surreply, Ex. A-2 [ECF No. 36-3].

The court finds that the plaintiff has provided the court with documentation to support the claim that she addressed the deficiencies in the PFS identified by

Coloplast as required by PTO # 12. Accordingly, dismissal of the plaintiff's case with prejudiced is unwarranted.

III. Conclusion

It is **ORDERED** that Coloplast's Motion to Dismiss [ECF No. 29] is **DENIED**. It is further **ORDERED** that Plaintiff's Motion for Leave to File Surreply [ECF No. 36] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 9, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE